IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND )
and HOWARD McDOUGALL, trustee, )
                                        )
                   Plaintiffs, )    Case No. 10 CV 2446
                                        )    Judge George W. Lindberg
                v. )
                                        )
J. R. MAZZOLA, INC., a Michigan corporation, )
                                        )
                 Defendant. )

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

Comes now the Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, one of the Funds' present trustees (hereinafter collectively referred to as the "Pension Fund"), and hereby move this Court pursuant to Rule 55(b) of the Federal Rules of Civil Procedure for entry of judgment against Defendant J. R. Mazzola, Inc., a Michigan corporation ("Mazzola"). In support of this Motion, the Pension Fund states as follows:

*I.*    *Background Information*.

    1.    The Pension Fund filed this lawsuit against Mazzola under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001 *et seq.*, to collect delinquent contributions, as well as interest, liquidated damages, attorney's fees and costs.

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e) and 1132(f).

3. The Pension Fund is administered at its principal place of business in Rosemont, Illinois. (Paragraph 5 of the Affidavit of Juan J. Beaton attached hereto as Exhibit A (hereinafter, "Beaton Aff., ¶__").) Accordingly, venue lies in this Court under 29 U.S.C. § 1132(e)(2).

4. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to collective bargaining agreements negotiated by the employers and local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to the Pension Fund's participants and beneficiaries and paying the Pension Fund's administrative expenses. (Beaton Aff., ¶¶ 6 and 7.)

## II. *J. R. Mazzola, Inc.'s Obligation To Contribute To The Pension Fund*

5. The Pension Fund's records indicate that Mazzola was bound by a collective bargaining agreement with Local Union 337 affiliated with the IBT ("Local 337") covering the period March 1, 2007 through at least September 1, 2011, pursuant to which Mazzola was required to pay pension contributions to the Pension Fund on behalf of certain of its employees. (Beaton Aff., ¶ 8.)

6. Mazzola also agreed to be bound by the provisions of the Pension Fund's Trust Agreement. (Beaton Aff., ¶ 9.)

7. The Pension Fund relies on employers, such as Mazzola, to self-report the work history of eligible employees. Under this self-reporting system, participating

employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g., layoffs, new hires, terminations, etc.). The Pension Fund relies upon the reports submitted by employers to prepare a monthly contribution bill that is sent to the employers. Contributions for each calendar month are due 15 days after the end of the month. (Beaton Aff., ¶ 10.)

8. During the period of October 2009 through February 2010, Mazzola reported the work history of its employees to the Pension Fund. (Beaton Aff., ¶ 11.)

9. Mazzola failed to pay all of the contributions and interest revealed to be owed based on the work history it reported to the Pension Fund for the month of October 2009 and the months of December 2009 through February 2010. (Beaton Aff., ¶ 12.)

10. As a result of Mazzola's failure to pay the delinquent contributions, the Pension Fund filed this lawsuit.

## II. *J. R. Mazzola, Inc. Is In Default*.

11. On June 21, 2010, Mazzola was served with the summons and complaint by and through, Robert Mazzola, its vice president. A true and correct copy of the return of service is attached hereto as Exhibit B.

12. Mazzola is in default because it has failed to file an answer or other responsive pleading to the Complaint within the time limits prescribed by Fed.R.Civ.P. 12.

13. On July 14, 2010, this Court entered an order of default against Mazzola. A true and correct copy of the Court's July 14, 2010 Minute Order is attached hereto as

Exhibit C.

## III. Calculation Of The Requested Judgment Amount.

14. Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to a judgment which consists of:

> (i) unpaid contributions;
>
> (ii) interest on the unpaid contributions;
>
> (iii) an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20% of the unpaid contributions;
>
> (iv) reasonable attorney's fees and costs;
>
> (v) and such other relief the Court deems appropriate.

An award of these amounts is mandatory. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (*en banc*).

16. Pursuant to 29 U.S.C. § 1132(g)(2), Mazzola owes the Pension Fund the principal amount of $12,963.70 for delinquent contributions. (Beaton Aff., ¶ 14.)

17. Pursuant to 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the plan. (Beaton Aff., ¶ 15.)

18. Under the Pension Fund's Trust Agreement, as amended through December 28, 2008, interest prior to February 15, 2010, on the unpaid contributions is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, N.A. for the fifteenth (15th) day of the month for which the interest is charged. (Beaton Aff., ¶ 16.)

19. Under the Pension Fund's Trust Agreement, as amended through February 28, 2010, interest after February 14, 2010, on the unpaid contributions is computed and

charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, N.A. for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of seven and one-half percent (7.5%). (Beaton Aff. ¶ 17.)

20. Using the rates set forth in paragraphs 18 and 19, Mazzola owes the Pension Fund $463.83 in interest on the delinquent contributions through July 20, 2010. (Beaton Aff., ¶ 18.)

21. Under 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the greater of interest on the unpaid contributions or liquidated damages of up to 20% of the unpaid contributions as provided under the plan. The Pension Fund's Trust Agreement provides for liquidated damages in the amount of 20% of the unpaid contributions. (Beaton Aff., 19.)

22. Mazzola owes the Pension Fund $2,592.74 in liquidated damages. (Beaton Aff., ¶ 20.)

23. Pursuant to 29 U.S.C. § 1132(g)(2), Mazzola is also liable for attorneys' fees and costs incurred by the Pension Fund to collect the delinquent contributions. Therefore, Mazzola owes the Pension Fund $1,809.00 in attorneys' fees and $656.00 in costs. (Paragraphs 3 and 4 of the Affidavit of Cathy L. Rath, which is attached hereto as Exhibit D.)

24. Under the Pension Fund's Trust Agreement, the Pension Fund is entitled to interest on the entire judgment balance at an annualized interest rate equal to the greater of (a) two percent (2%) plus the prime interest rate established by the JPMorgan Chase Bank, N.A. for the fifteenth (15th) day of the month for which interest is charged, or (b) annualized interest at the rate of seven and one-half percent (7.5%), compounded

annually. (Beaton Aff., ¶ 21.)

**WHEREFORE**, Plaintiffs, the Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, request the following relief:

A.  That a judgment be entered against J. R. Mazzola, Inc. in the total amount of $18,485.27, calculated as follows:

| | |
|---|---:|
| Delinquent Contributions | $12,963.70 |
| Interest (through 7/20/10) | 463.83 |
| Liquidated Damages | 2,592.74 |
| Attorneys' Fees | 1,809.00 |
| Court Costs | 656.00 |
| **TOTAL** | **$18,485.27** |

B.  That Plaintiffs be awarded post-judgment interest on the judgment computed at an annualized interest rate equal to the greater of (a) two percent (2%) plus the prime interest rate established by the JPMorgan Chase Bank, N.A. for the fifteenth (15th) day of the month for which interest is charged, or (b) seven and one-half percent (7.5%), compounded annually.

Respectfully submitted,

*Cathy L. Rath*

Cathy L. Rath
A.R.D.C. 06275744
Attorney for Plaintiff
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 2343

July 21, 2010

## CERTIFICATE OF SERVICE

      I, Cathy L. Rath, one of the attorneys for Central States, Southeast and Southwest Areas Pension Fund, certify that on July 21, 2010, I served the foregoing Motion for Entry of Judgment on all parties indicated on the electronic filing receipt via the Court's electronic filing system. The foregoing Motion was also served upon the following:

J. R. Mazzola, Inc.
c/o Robert Mazzola, Vice President
29736 Orion Court
Farmington Hills, MI 48334

Said Motion was sent via first class United States mail with postage prepaid from 9377 West Higgins Road, Rosemont, Illinois on the 21st day of July, 2010.

                                              _____
                                              Cathy L. Rath
                                              One of Plaintiffs' Attorneys